Entered: July 24th, 2019
Signed: July 24th, 2019

**SO ORDERED**



LORI S. SIMPSON
U.S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

In re:                                    *
Daryl Anthony Green,          *          Case No. 19-13565-LSS
    Debtor.                     *          Chapter 13
                                   *

### ORDER OVERRULLING CLAIM OBJECTION

Before the Court is Debtor's Objection [Dkt. No. 28] (the "Objection") to proof of claim number 4-1 ("Claim No. 4") filed by 1900 Capital Trust II, by U.S. Bank Trust National Association, not in its individual capacity but solely as certificate trustee ("Claimant"), and the Response [Dkt. No. 39], filed by Claimant.  Upon reviewing the Objection, Response, Claim No. 4, and all attached documents, the Court has determined that no hearing is necessary.  For the reasons set forth herein, the Court finds and concludes that the Objection should be overruled.

On March 18, 2019, Debtor filed his voluntary Chapter 13 Petition [Dkt. No. 1] in this case.  On May 28, 2019, Claimant filed Claim No. 4.  Claimant attached to Claim No. 4 loan payment history showing no payments from Debtor since 2010.  Also attached to Claim No. 4 was the a note dated August 24, 2007 in the original principal amount of $417,000.00 executed by Debtor, a deed of trust against 15416 Cedar Drive, Accokeek, Maryland as securitization for the note, a series of assignments documenting the chain of title for the note and deed of trust

from the original lender to Claimant, and a power of attorney whereby 1900 Capital Trust II engaged New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing to service its loans.

On June 24, 2019, Debtor filed the Objection. Debtor asserts "wet ink" and "show me the note" arguments for his proposition that Claimant is not the holder of an enforceable claim. On July 22, 2019, Claimant filed the Response, arguing that Claim No. 4 satisfies all applicable Bankruptcy Rules and that Debtor's arguments have repeatedly been rejected under Maryland law.

Rule 3001[1] sets forth procedural requirements regarding the form and content of proofs of claims. Rule 3001(c)(1) provides that a creditor filing a claim based on a writing, other than an open-end or revolving consumer credit agreement, must attach a copy of the writing, or, [i]f the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction." Rule 3001(f) provides that a "proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). "[A] properly executed proof of claim is sufficient to shift the burden of producing evidence and to entitle the claimant to a share in the distribution of the bankrupt's estate unless an objector comes forward with evidence contradicting the claim." *In re Gates*, 214 B.R. 467, 472 (Bankr. D. Md. 1997) (*quoting Superior Metal Moulding Company, Inc. v. Shipp*, (*In re Friedman*), 436 F. Supp. 234, 237 (D. Md. 1977)).

Here, Claimant has satisfied the requirements of Rule 3001. As such, Claim No. 4 is entitled to prima facie validity under Rule 3001(f). Debtor has not put forth evidence to contradict the presumed validity of Claim No. 4. Debtor's "wet ink" and "show me the note"

---

[1] Unless stated otherwise, all references to a code section refer to that code section in Title 11 of the United States Code, commonly referred to as the Bankruptcy Code, and all references to a rule refer to that rule number in the Federal Rules of Bankruptcy Procedure.

arguments are invalid under Maryland law.  *See Powell v. Countrywide Bank*, CV PX 16-1201, 2016 WL 5815884, at *5 (D. Md. Oct. 4, 2016) ("[T]his Court has repeatedly rejected the "wet ink" or "show me the note" argument.").  Wherefore, it is, by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that the Objection is OVERRULLED.

cc:     Debtor
        Debtor's Counsel
        Claimant
        Claimant's Counsel
        Chapter 13 Trustee
                                **End of Order**