IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DARYL ANTHONY GREEN** | |
| Appellant, | Civil No. **PJM-21-1335** |
| v. | Civil No. **PJM-21-1385** |
| **PRINCE GEORGE'S COUNTY OFFICE OF CHILD SUPPORT** *et al.*, | Civil No. **PJM-21-2441** |
| Appellees. | |

**MEMORANDUM OPINION**

Daryl Anthony Green, no stranger to this Court, has appealed three Orders of the United States Bankruptcy Court for the District of Maryland arising from one of Green's Chapter 13 bankruptcy proceedings. These appeals contest orders by the Bankruptcy Court related to Green's efforts to challenge a claim submitted by Appellee Prince George's County Office of Child Support ("PGOCS").[1]

For the reasons that follow, the Court **DISMISSES** the appeals in cases PJM-21-1335 and PJM-21-1385.

In PJM-21-1441, the Court **DENIES** Green's Emergency Motion to Stay and **DEFERS RULING** on Green's Motion for Extension of Time to File Appellant Briefs.

---

[1] In PJM-21-1335, Green lists Prince George's County Municipal Corporation as an Appellee. The Court is unsure why Green has listed it as an Appellee as the appeal relates to the claim submitted by Prince George's County Office of Child Support.

1

In addition to the foregoing, the Court **ORDERS** Green to **SHOW CAUSE** in writing and appear at a hearing to demonstrate why he should not be sanctioned pursuant to Federal Rule of Civil Procedure 11(c)(3) for apparent violations of one or more of the provisions of Rule 11(b)[2] in connection with the present appeals, those previously handled by this member of the Court, and those handled by Judge Chuang of this Court (all as set forth in Attachment A to this Opinion and to the Show Case Order).

## FACTUAL AND PROCEDURAL BACKGROUND

On March 18, 2019, Green filed a voluntary Chapter 13 petition for bankruptcy. As part of that proceeding, the Prince George's County Office of Child Support ("PGOCS") filed a proof of claim on behalf of Green's ex-wife, asserting that Green owed $19,915.88 in unpaid child support in connection with divorce case dating back to 2011. Green's child support obligation was first established in the 2011 case through an order requiring him to pay $407 per month in child support. While Green made some payments sporadically, several actions were required to be taken by PGOCS to enforce the order, including the suspension of Green's driver's license.

This Court has previously addressed many other of the multifarious appeals by Green of Bankruptcy Court orders relating to PGOCS's proof of claim and incorporates by reference its opinions and orders resolving those appeals. *See Green v. Prince George's Cty. Off. of Child*

---

[2] Rule 11(b) provides: "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney **or unrepresented party** certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." (Emphasis supplied).

*Support*, No. CV TDC-19-2852, 2020 WL 4436371, at *1 (D. Md. Aug. 3, 2020), *reconsideration denied*, No. CV TDC-19-2852, 2021 WL 1062013 (D. Md. Mar. 19, 2021), *aff'd*, 858 F. App'x 652 (4th Cir. 2021); *Green v. Prince George's Cty. Off. of Child Support Enf.*, No. TDC-19-3449 (D. Md. Dec. 23, 2020) (ECF No. 14).[3]

On May 13, 2019, in the Chapter 13 proceeding, Green filed an objection to PGOCS's proof of claim, arguing that the claim was "knowingly false." *See Green v. Prince George's Cty. Off. of Child Support Enf.*, Nos. CV TDC-19-3449, CV TDC-20-1201, CV TDC-20-1765, 2020 WL 7640820 (D. Md. Dec. 23, 2020), *aff'd* 853 F.App'x 846 (4th Cir. 2021). On July 5, 2019, the Bankruptcy Court overruled that objection. *Id.* Then, on August 1, 2019, Green filed another objection to PGOCS's proof of claim, again asserting that the claim was "knowingly false." *Id.* The Bankruptcy Court again overruled the objection. *Id.*

On November 1, 2019, PGOCS filed a motion to dismiss Green's bankruptcy case pursuant to 11 U.S.C. § 1307(c)(11) because he failed to make any post-petition court-ordered child support payments. Green moved to dismiss that motion to dismiss, arguing that the Bankruptcy Court lacked jurisdiction over the motion because of his pending appeals. The Bankruptcy Court denied his motion, determining that PGOCS had asserted a plausible basis for dismissal under 11 U.S.C. § 1307(c)(11). On March 3, 2021, after ruling on multiple other motions, the Bankruptcy Court set a hearing on the motion to dismiss for July 13, 2021. Green later moved to cancel that hearing, which the Bankruptcy Court denied.

On April 16, 2021, Green filed a 71-page adversary complaint against PGOCS. Adv. No. 21-065. He alleged, among other things that the child support program operated by PGOCS was a "complete and total fraud scheme." Adv. No. 21-065, ECF No. 1-1. He brought claims of fraud,

---

[3] The undersigned, who has now handled 9 of Green's appeals, succeeded Judge Chuang of this Court, who handled and ruled unfavorably to Green in approximately 11 other appeals. *See* Attachment A, items 1–11.

3

conspiracy to commit fraud, intentional infliction of emotional distress, and deprivation of various constitutional rights. *Id.* In terms of relief, he asked the Bankruptcy Court to approve his Chapter 13 bankruptcy plan, declare that PGOCS violated his civil rights and conspired to and committed fraud, sanction PGOCS, grant him various sums of money, restore his driver's license and passport, order all of the creditors to "immediately and permanently remove all derogatory information" provided to credit agencies, order PGOCS, Prince George's County government, and the State of Maryland from ceasing enforcement actions against him, declare the entire Prince George's County child support program invalid, and order that the Prince George's County Office of Child Support program be removed from the Federal Child Support Program. *Id.*

On April 20, 2021, the Bankruptcy Court issued an order staying the adversary proceeding because "it shares common parties, facts, and claims with other adversary proceedings and contested matters pending" before the Bankruptcy Court. Specifically, the Bankruptcy Court noted that the adversary proceeding contains the same causes of action and arises out of the same operative facts as another adversary proceeding brought by Green. *See* Adv. No. 19-00308. Green moved for reconsideration of the motion to stay, which the Bankruptcy Court denied on May 14, 2021.

On May 27, 2021, Green filed a Notice of Appeal challenging the denial of the motion to reconsider the stay in Adversary Proceeding No. 21-065, resulting in the appeal docketed as PJM-21-1335. He did not designate the record, nor did he file an opening brief. However, on August 2, 2021, Green filed a "Motion for Status of Pending Appeals," claiming that he had not received any correspondence from the Court regarding his numerous appeals. ECF No. 4.

On June 2, 2021, Green filed a Notice of Appeal challenging the denial of the motion to cancel the July 2021 hearing on the motion to dismiss in his main bankruptcy case, resulting in the

4

appeal docketed as PJM-21-1385. True to form, he did not designate the record. On July 9, 2021, Green moved for an extension of time to file an appellant brief. ECF No. 4. He also filed a "Motion for Status of Pending Appeals," identical to the motion filed in PJM-21-1335. ECF No. 5.

The Bankruptcy Court held a hearing on PGOCS's motion to dismiss on July 13, 2021. Because neither party was prepared to go forward, the Bankruptcy Court continued the hearing to September 20–21, 2021, set a discovery deadline of August 13, 2021, and required the parties to exchange and file all exhibits and witness lists by September 10, 2021. Green filed a Motion to Compel Discovery, Subpoena Compliance, and For Sanctions on September 9, 2021, but did not submit a witness list or any exhibits. PGOCS submitted its exhibits list in timely fashion and Green filed his objections on September 15, 2021. Attached to his objections were 125 pages of documents titled "Debtors Exhibits."

On September 20, 2021, the Bankruptcy Court held a hearing on the motion to dismiss. The court denied Green's motion to compel, admitted all of PGOCS's exhibits, and determined that the "Debtors Exhibits" attached to Green's objections could not be presented at the hearing because Green had not provided notice to PGOCS or the court that he intended to present the documents at the hearing. In an oral opinion rendered at the end of the hearing, the court granted PGOCS's motion to dismiss because Green was obligated to pay child support pursuant to a valid state court order and the uncontroverted evidence showed that Green had not made appropriate payments on that obligation. Furthermore, the court determined that Green's arguments regarding the state court child support order were barred by *res judicata*, collateral estoppel, and/or the Rooker-Feldman doctrine. The court thus dismissed the case pursuant to 11 U.S.C. § 1307(c)(11). Green then filed a Notice of Appeal on September 21, 2021, resulting in the appeal docketed as PJM-21-2441. He also filed a Motion for Stay Pending Appeal in the main bankruptcy case, which

5

the Bankruptcy Court denied. On October 13, 2021, Green then filed an Emergency Motion to Stay Pending Appeal in PJM-21-2441, which PGOCS opposed. He also purportedly "designated the record" on October 13, 2021. But instead of reviewing the docket to determine what specific documents might be relevant on appeal, Green designated the <u>entire record</u> in his main bankruptcy case, five adversary complaints, as well as several other court orders, transcripts, and complaints. *See* ECF No. 5. This Court struck Green's "designation" and ordered Green to clarify which specific issues he intends to appeal and to designate only the docket entries relevant to those issues. *See id.*

On November 4, 2021, Green filed a response to the Court's order with an amended designation, asking the Court to reinstate his Chapter 13 bankruptcy matter and reimpose a stay. ECF No. 8-1. In his amended designation, Green included the notice of appeal; his motion to stay the bankruptcy dismissal and a supplement to that motion; his motion for reconsideration of the dismissal order and the order denying that motion; his objections to PGOCS's proof of claim; the adversary complaint in Adversary Proceeding No. 19-00308 and all attachments and exhibits; as well as other orders and hearing transcripts. *Id.* On November 10, 2021, Green filed a motion for extension of time to file appellant briefs, citing chronic illness. ECF No. 10.

## DISCUSSION

Pursuant to Federal Rules of Bankruptcy Procedure, a bankruptcy appellant must file a designation of record on appeal within 14 days of the notice of appeal. Fed. R. Bankr. P. 8009(a)(1)(B). The Rules also make plain that an appellant must serve and file a brief within 30 days after "the docketing of notice that the record has been transmitted or is available electronically." Fed. R. Bankr. P. 8018(a)(1). The Rules further provide that if an appellant fails "to take any step other than the timely filing of a notice of appeal," the district court hearing the

6

appeal has the authority to "act as it considers appropriate," such as, by "dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2). *See also In re SPR Corp.*, 45 F.3d 70, 74 (4th Cir. 1995) ("In dealing with their own appeals, courts of appeals thus exercise discretion in light of all the circumstances in deciding whether noncompliance with non-jurisdictional filing requirements warrants dismissal . . . In bankruptcy appeals district courts should have similar discretion to reach a fair result in dealing with late filings." (internal citations and quotations omitted). Additionally, the Local Rules of the District of Maryland permit the Court, upon its own initiative or upon the motion of the appellee, to dismiss the appeal if the appellant has failed to comply with Bankruptcy Rules 8009 or 8018. Local Rules 404.2, 404.3.

Before dismissing an appeal under Rule 8003(a)(2), the Court must take at least one of the following steps: "(1) make a finding of bad faith or negligence; (2) give the appellant notice or an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives." *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992).

I.      **Appeal No. 21-1335**

As this Court discussed in *Green v. Shellpoint Mortgage Services, et al.*, Civil Nos. PJM-21-0680, PJM-21-1334, PJM 21-2443, Green has demonstrated a lengthy history of bad faith, or at least, gross negligence in virtually all his bankruptcy proceedings and appeals.  He has appealed nearly every order of the Bankruptcy Court and has been made aware time and again of the Federal Rules of Bankruptcy Procedure 8009(a)(1)(B) and 8018 (which require him to file and serve his designation within 14 days of his appeal and to file and serve a brief within 30 days of his appeal). Nonetheless, he consistently fails to comply with the Rules.  Despite Green's contention otherwise, the Clerk's Office of this Court has mailed letters to him that explain these requirements.  ECF

7

No. 2. *See also Green v. Shellpoint, et al.*, Civil No. PJM-21-1334, ECF No. 6 at 2. Given Green's history of noncompliance with the rules, his appeal of the Bankruptcy Court's May 14, 2021 Order in Adversary Proceeding No. 21-065 will be dismissed. In addition, his motion for status, which was filed after the deadlines to designate the record and to file appellant briefs, will be denied.

The Court further notes that even if Green had complied with these Rules—and he most definitely has not—this appeal would still be dismissed. This Court has jurisdiction to hear appeals of the Bankruptcy Court's "final judgments, orders, and decrees." 28 U.S.C. § 158(a). Bankruptcy orders are immediately appealable if they "finally dispose of discrete disputes within the larger case." *Mort Ranta v. Gorman*, 721 F.3d 241, 246 (4th Cir. 2013) (internal citations omitted). Here, neither order disposed of any discrete disputes within Green's larger case. Indeed, Green had already initiated an adversary proceeding against PGOCS raising virtually identical issues. *See* Adversary Compl., *Green v. Prince George's Cty. Off. of Child Support*, No. 19-0308, (D. Md. Bankr. Aug. 14, 2019). The Bankruptcy Court stayed the nearly identical proceeding but allowed Green to continue litigating his issues in the earlier filed adversary proceeding. The stay and the motion denying Green's motion to reconsider the stay, did not dispose of any discrete issues and "merely redirected litigation over them to an ongoing adversary proceeding." *See Green v. Prince George's Cty. Off. of Child Support*, No. CV TDC-19-2852, 2020 WL 4436371, at *1 (D. Md. Aug. 3, 2020), *reconsideration denied*, No. CV TDC-19-2852, 2021 WL 1062013 (D. Md. Mar. 19, 2021), *aff'd*, 858 F. App'x 652 (4th Cir. 2021). Because the order Green appeals is not a "final judgment," this Court's jurisdiction over the appeal is questionable.

## II.     Appeal No. 21-1385

Likewise, the May 21, 2021 Order that Green seeks to appeal also does not definitively dispose of a discrete dispute. Green's May 20, 2021 Motion requested that the Bankruptcy Court

8

cancel the July 13, 2021 hearing on the motion to dismiss pending his indigency hearing and appeals. The Bankruptcy Court's Order denied that motion but did not resolve the any underlying motions and did not "terminate[] a procedural unit separate from the remaining case." *See Ritzen Grp. Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 591, 205 L. Ed. 419 (2020). Like the Order on Green's motion to appoint counsel, this Order did not constitute a final judgment that disposed of a discrete issue. Therefore, this appeal, too, is subject to dismissal.

### III.   Appeal No. 21-2441

Unlike the May 14, 2021 and May 21, 2021 orders, the September 20, 2021 Order of Dismissal Green seeks to appeal is, in fact, a final order of the Bankruptcy Court. Green timely noticed his appeal of that order on September 21, 2021. Green's Emergency Motion to Stay Pending Appeal is currently pending before this Court. That is not the end of the matter.

Green seeks a stay of the Bankruptcy Court's Order of Dismissal pending the outcome of his appeals to this Court and to the Fourth Circuit. Pursuant to Federal Rule of Bankruptcy Procedure 8005, a district court may stay a bankruptcy court order pending appeal. In determining whether to grant a stay pending appeal, the Court considers whether the party seeking the stay has shown (1) that he will likely prevail on the merits of the appeal; (2) that he will suffer irreparable injury if the stay is denied; (3) that other parties will not be substantially harmed by the stay; and (4) that the public interest will be served by granting the stay. *Long v. Robinson,* 432 F.2d 977, 979 (4th Cir. 1970).

Without question, Green has failed to carry this burden. The Court finds that Green has not demonstrated that he will suffer irreparable harm if the relief he seeks is denied. He states that if the Court denies his Motion, "irreparable harm will occur" but says only that various orders of the Bankruptcy Court were improper and arbitrary. That does not suffice.

9

Additionally, the Court finds that the likelihood of harm to PGOCS and other parties is not insignificant. If Green's Motion is granted, PGOCS's efforts to recover child support claims will, once again, be severely frustrated. In any case, given the history of Green's numerous other appeals, this Court is not inclined to grant a stay on the basis of speculative harm that might inure to the detriment of other parties to his bankruptcy proceedings and to the public interest as a whole.

The interest of all the parties will be best protected by denying a stay. Green has not shown a strong likelihood of success on the merits nor a serious irreparable harm that outweigh the public interest considerations. The Court **DENIES** Green's Motion to Stay Pending Appeal.

## CONCLUSION

For the foregoing reasons, Case Nos. PJM-21-1335 and PJM 21-1385 are **DISMISSED**.

Green's Motion for Status in PJM-21-1335 (ECF No. 4) and PJM-21-1385 (ECF No. 5) is **DENIED**.

His Motion for Extension of Time (ECF No. 4) in PJM-21-1385 is **DENIED**.

His Emergency Motion to Stay (ECF No. 3) in PJM-21-2441 is **DENIED**.

The Court **DEFERS RULING** on his Motion for Extension of Time to File Appellant Briefs (ECF No. 10) in PJM 21-2441.

In addition to all of this, it is apparent that Green's continuous filing of meritless and largely repetitious appeals from the Bankruptcy Court may have been presented in violation of Federal Rule of Civil Procedure 11.[4] Accordingly, pursuant to Federal Rule of Civil Procedure 11(c)(3), Green shall **SHOW CAUSE** in writing, by March 15, 2022, why he should not be appropriately sanctioned. A hearing date following the filing of Green's written show cause will be set for March

---

[4] *See* Note 1.

10

31, 2022.  Green shall appear for such hearing, but in the event he does not, the hearing may go forward in his absence.

      Separate Orders, including a Show-Cause Order, will **ISSUE**.

**Date: February** 15 **, 2022**　　　　　　　　　　　　　　　　　／s／
                                                   **PETER J. MESSITTE**
                                         **UNITED STATES DISTRICT JUDGE**

# ATTACHMENT A

|   | Case Number | Case Caption |   |
|---|---|---|---|
| 1 | 8:19-cv-02270-TDC | *Green v. 1900 Capital Trust II, BY U.S. BANK TRUST NewRez LLC* | filed 08/06/19 |
| 2 | 8:19-cv-03449-TDC | *Green v. Prince George's County Office of Child Support* | filed 12/02/19 |
| 3 | 8:20-cv-01201-TDC | *Green v. Prince George's County Office of Child Support Enforcement et al* | filed 05/12/20 |
| 4 | 8:19-cv-02852-TDC | *Green v. Prince George's County Office of Child Support* | filed 09/27/19 |
| 5 | 8:19-cv-02853-TDC | *Green v. Prince George's County Office of Child Support Enforcement et al* | filed 09/27/19 |
| 6 | 8:19-cv-03132-TDC | *Green v. Shellpoint Mortgage Servicing et al* | filed 10/29/19 |
| 7 | 8:20-cv-00250-TDC | *Green v. Prince George's County Office of Child Support Enforcement et al* | filed 01/28/20 |
| 8 | 8:20-cv-01765-TDC | *Green v. Prince George's County Office of Child Support* | filed 06/11/20 |
| 9 | 8:20-cv-02871-TDC | *Green v. Prince George's County Office of Child Support* | filed 10/01/20 |
| 10 | 8:20-cv-03183-TDC | *Green v. Prince George's County Office of Child Support Enforcement et al* | filed 11/02/20 |
| 11 | 8:19-cv-03451-TDC | *Green v. Shellpoint Mortgage Servicing* | filed 12/02/19 |
| 12 | 8:21-cv-00936-PJM | *Green v. Frosh et al* | filed 04/16/21 |
| 13 | 8:21-cv-01332-PJM | *Green v. Nizer et al* | filed 05/27/21 |
| 14 | 8:21-cv-01334-PJM | *Green v. Shellpoint Mortage Services et al* | filed 05/27/21 |
| 15 | 8:21-cv-00680-PJM | *Green v. Shellpoint Mortgage Services et al* | filed 03/09/21 |
| 16 | 8:21-cv-01335-PJM | *Green v. Prince George's County Office of Child Support, Prince George's County Municipal Corporation* | filed 05/28/21 |
| 17 | 8:21-cv-01385-PJM | *Green v. Branigan* | filed 06/04/21 |
| 18 | 8:21-cv-02441-PJM | *Green v. Prince George's County Office of Child Support et al* | filed 09/21/21 |
| 19 | 8:21-cv-02443-PJM | *Green v. Shellpoint Mortgage Services et al* | filed 09/23/21 |
| 20 | 8:21-cv-02666-PJM | *Green v. Branigan* | filed 11/04/21 |